UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-14109-CIV-MARRA

ORCHID QUAY, LLC,

Plaintiff,

vs.

SUNCOR BRISTOL BAY, LLC, et al.,

Defendants.

_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant, Suncor Bristol Bay, LLC's Amended Motion

to Dismiss (DE 62). The motion is ripe for review. For the following reasons, the motion is granted.

### I. Background

Plaintiff, Orchid Quay, LLC ("Orchid") brought this action asserting various state-law claims

against Defendants Suncor Bristol Bay, LLC ("Suncor") and Malbec Investments, LLC ("Malbec").

The Court dismissed Orchid's amended complaint for lack of subject-matter jurisdiction because it

did not sufficiently invoke the Court's diversity jurisdiction. (DE 58.) Attempting to plead the

parties' citizenship, Orchid alleged the state of formation and principal place of business of each

party. This was inadequate because the parties are all limited liability companies and, as such,

diversity jurisdiction is determined by the citizenship of their respective members.

Orchid then filed a second amended complaint. Orchid has multiple layers of membership;

its sole member is a limited partnership whose partners include several unincorporated entities, who

in turn have members or partners that are unincorporated entities. In its second amended complaint,

1

Orchid alleges the citizenship of each of its members through all layers of membership. As alleged in Orchid's complaint, one of Orchid's submembers (i.e., a member or partner of a member) is the California Public Employees' Retirement System ("CalPERS").

Based on the revelation that CalPERS is a member of Orchid, Defendant Suncor moved to dismiss for lack of subject-matter jurisdiction. Suncor argues that CalPERS's membership in Orchid precludes diversity jurisdiction because CalPERS is an arm of the state of California and therefore it is not a citizen of any state for diversity purposes.

## II. Legal Standard

Federal courts have limited subject-matter jurisdiction, and the party invoking the court's jurisdiction bears the burden of proving it exists. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Attacks on a court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam). Facial attacks require the court to determine whether the allegations in the complaint taken as true adequately establish subject-matter jurisdiction. *Id.* at 1529. Factual attacks challenge the existence of subject-matter jurisdiction in fact, and the court is permitted to look beyond the pleadings and (so long as an element of the cause of action is not implicated) weigh evidence to determine whether it has subject-matter jurisdiction. *Id.* Here, Suncor's attack is facial because it is based solely on the allegations in the complaint.

## III. Discussion

Diversity jurisdiction does not exist when a state or the arm of a state is a party. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). When it is a real party in interest, "a State's presence as a party will destroy complete diversity." *Mississippi ex rel. Hood v. AU Optronics*

*Corp.*, 134 S. Ct. 736, 745 (2014) (citing *Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 58–59 (1901)). The diversity jurisdiction statute applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). States do not fall into any of these categories. States are clearly not foreign states or citizens or subjects thereof. And it is well-established that a state is not a citizen of a state for the purpose of diversity jurisdiction. *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) (citing *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894)). The same is true for "the arm or alter ego" of a state because an action by or against the arm or alter ego of a state is in effect by or against the state itself. *State Highway Comm'n of Wyo. v. Utah Const. Co.*, 278 U.S. 194, 198–99 (1929).

It is irrelevant whether complete diversity would otherwise exist when disregarding the state's presence as a party. *In re Fresenius Granuflo/NaturaLyte Dialysate Prods. Liab. Litig.*, 76 F. Supp. 3d 268, 272 (D. Mass. 2015). Because the diversity jurisdiction statute requires *complete* diversity, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806), the presence of a party who is not a citizen of any state (or a foreign state or citizen or subject thereof) destroys a court's diversity jurisdiction even when there are otherwise diverse parties on the same side of the lawsuit as the "stateless" party.[1] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *see also Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 365–67 (5th Cir. 2006) (holding that presence of state of Louisiana as a party destroyed complete diversity, even though Louisiana's co-plaintiff was

---

[1] The Court uses the term "stateless" to refer any party who does not fit into a category listed in 28 U.S.C. § 1332(a). This includes an arm of a state.

a diverse citizen). In other words, diversity jurisdiction is properly invoked only if *each* party falls into one of the categories in 28 U.S.C. § 1332(a). *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (citing *Newman-Green*, 490 U.S. at 829).

As far as the Court is aware, every federal court to address whether CalPERS is an arm of the state of California, including at least one in this district, has concluded that it is. *E.g.*, *Cal. Pub. Emps. Ret. Sys. v. Moody's Corp.*, No. C 09-03628 SI, 2009 WL 3809816, at *6 (N.D. Cal. Nov. 10, 2009); *Cal. Pub. Emps.' Ret. Sys. v. Stride Rite Children's Grp.*, No. 96–6558, slip op. at 5 (S.D. Fla. Dec. 3, 1996) (ECF No. 45).[2] Also, courts have held that other state retirement systems are arms of their respective states. *Indiantown Cogeneration, L.P. v. Century Coal, LLC*, No. 3:09CV398, 2011 WL 3682778, at *5 (W.D.N.C. Aug. 23, 2011) (collecting cases). The Court joins those courts that have concluded that CalPERS is an arm of the state of California. Orchid does not argue to the contrary and thus tacitly concedes the point.

For purposes of determining diversity jurisdiction, all unincorporated associations, regardless of their particular corporate-like features, are treated as partnerships and deemed to possess the citizenship of their partners or members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 n.1, 190, 195–96 (1990);

---

[2] *See also Local 101 of the Am. Fed'n of State, Cty. & Mun. Emps. v. Brown*, No. 14-CV-05640-BLF, 2015 WL 5316296, at *8 (N.D. Cal. Sept. 11, 2015); *Arya v. CalPERS*, 943 F. Supp. 2d 1062, 1072 (E.D. Cal. 2013); *Barroga v. Bd. of Admin. Cal. Pub. Emps.' Ret. Sys.*, No. 2:12-CV-01179 MCE, 2012 WL 5337326, at *5 (E.D. Cal. Oct. 26, 2012), *aff'd*, 579 F. App'x 613 (9th Cir. 2014); *Retired Pub. Emps. Ass'n of Cal., Chapter 22 v. California*, 614 F. Supp. 571, 581 (N.D. Cal. 1984), *rev'd on other grounds*, 799 F.2d 511 (9th Cir. 1986). Some of these cases address whether CalPERS is an arm of the state for purposes of Eleventh Amendment immunity rather than diversity jurisdiction. This distinction is immaterial. While Eleventh Amendment immunity and diversity jurisdiction are separate issues, the analysis of whether an entity is an arm of the state is the same in either context. *Univ. of S. Ala.*, 168 F.3d at 412. The Eleventh Amendment itself, however, is irrelevant to the Court's diversity analysis.

*Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1087–88 (11th Cir. 2010);

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir.

2004) (per curiam). If a partner or member of an unincorporated association is itself an

unincorporated association, "the citizenship of unincorporated associations must be traced through

however many layers of partners or members there may be." *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 420 (3d Cir. 2010) (citation omitted); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d

616, 617 (7th Cir. 2002) (per curiam).

Because courts must "count *every* member of an unincorporated association for purposes of

diversity jurisdiction," *Carden*, 494 U.S. at 195 (emphasis added), complete diversity is destroyed

when even one partner or member of an unincorporated association is stateless. *D.B. Zwirn Special

Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *Swiger v. Allegheny

Energy, Inc.*, 540 F.3d 179, 184–85 (3d Cir. 2008); *Indiantown*, 2011 WL 3682778, at *8 (W.D.N.C.

Aug. 23, 2011). The result is the same regardless of whether the stateless member is a submember.

*D.B. Zwirn*, 661 F.3d at 127 ("[I]f even one of Zwirn's members is another unincorporated

association, and if that association has one member or partner that is either a stateless person or an

entity treated like a stateless person, we would not have diversity jurisdiction over this matter.");

*Scenera Research LLC v. Morris*, No. 5:09-CV-412-FL, 2011 WL 666284, at *5 (E.D.N.C. Feb. 14,

2011) ("[A] limited liability company that has even a single stateless member or submember may

not sue or be sued in federal court if diversity under § 1332(a)(1) is the only basis for the court's

jurisdiction.").[3]

---

[3] To conclude that an unincorporated entity's stateless member destroys complete diversity, some courts have relied on the premise that, for purposes of diversity, a suit against an unincorporated entity is a suit against each of its members. *E.g.*, *Scenera*, 2011 WL 666284, at *5 ("In short, a suit

It is thus clear that, as a stateless entity, CalPERS's membership in Orchid destroys complete diversity. Orchid argues that this is not so for three independent reasons: (1) the Court may disregard CalPERS's citizenship, (2) diversity jurisdiction exists because Orchid does not share the same citizenship as any defendant, and (3) diversity jurisdiction exists because CalPERS's "stateless" status does not negate Orchid's citizenship of other states. The Court rejects each of these arguments.

While a court should disregard a nominal party's citizenship, *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980), the Supreme Court's decision in *Carden* forecloses any argument that the citizenship (or here, lack thereof) of a member of an unincorporated entity can be ignored. In *Carden*, a limited partnership sued in federal court asserting diversity jurisdiction. 494 U.S. at 187. Complete diversity existed only when considering the limited partnership's general, but not limited, partners. *Id.* This was insufficient to invoke the Court's diversity jurisdiction, despite the limited

---

by or against such an unincorporated association is in actuality a suit by or against each of its several members for diversity purposes."). While this understanding is supported by earlier precedent and a historical analysis of the rationale for the rule that an artificial entity's citizenship is determined by the citizenship of its members, *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Bank of United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 86–91 (1809), the Court cannot adopt this reasoning because the Supreme Court has rejected this original understanding. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 579 n.8 (2004) (rejecting the contention that an unincorporated association can "be characterized as an 'aggregation' composed of its members, or an 'entity' comprising its members" and stating that "*Carden* decisively adopted an understanding of the limited partnership as an 'entity,' rather than an 'aggregation,' for purposes of diversity jurisdiction"); *Carden*, 494 U.S. at 187 n.1 ("There are *not*, as the dissent assumes, multiple respondents before the Court, but only *one*: the artificial entity called Arkoma Associates, a limited partnership. And what we must decide is the quite different question of how the citizenship of that single artificial entity is to be determined . . . ."). Nevertheless, these courts' conclusions are correct because courts must look to the citizenship of *each* member or partner to determine the citizenship of an unincorporated entity. *Grupo Dataflux*, 541 U.S. at 579 ("It is true that the court 'looks to' the citizenship of the several persons composing the entity, but it does so for the purpose of determining the citizenship of the entity that is a party, not to determine which citizens who compose the entity are to be treated as parties."). The distinction between looking to the citizenship of members and treating members as parties is subtle, but it is one the Supreme Court has twice deemed important to recognize.

partners' lack of control over the limited partnership or the litigation. *Id.* at 192–95. The Court

rejected the dissent's "real party to the controversy" test, which would have disregarded the limited

partners' citizenship. *Id.* Rather, the Court firmly held that the citizenship of *all* the partners or

members of an unincorporated entity was determinative of a federal court's diversity jurisdiction.

*Id.* at 195 ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship

of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

The Supreme Court's decision in *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567

(2004), further cements the rule that a member or partner of a party that is an unincorporated

association cannot be deemed a "dispensable" or "nominal" party. The question in *Grupo Dataflux*

was whether a limited partnership could cure a jurisdictional defect by dropping a nondiverse

partner. *Id.* at 569–70. While it is well-established that in some instances a court can drop a

dispensable nondiverse party to cure a jurisdictional defect, *id.* at 572–73, the Court explained that

the "equation of a dropped partner with a dropped party is flatly inconsistent with *Carden*." *Id.* at

578. *Carden* treated an unincorporated entity as *one* party that is deemed to possess the citizenship

of its members rather than an aggregate of multiple parties consisting of the various members or

partners. *Id.* at 579 & n.8 (citing *Carden*, 494 U.S. at 187 n.1).[4] "It is true that the court 'looks to'

the citizenship of the several persons composing the entity, but it does so for the purpose of

---

[4] As noted *supra*, this is inconsistent with the original understanding of artificial entities. *Deveaux*,
9 U.S. (5 Cranch) at 87 ("[T]he controversy is, in fact and in law, between those persons suing in
their corporate character, by their corporate name, for a corporate right, and the individual against
whom the suit may be instituted . . . ."); *id.* at 91 (explaining that the members of the artificial entity
are "the real persons who come into court, in this case, under their corporate name"). Nevertheless,
even under this original understanding, Orchid's argument would not carry the day because Orchid
would be considered to represent *all* of its members or, alternatively, *all* of its members would be
considered real parties to the controversy. *See Carden*, 494 U.S. at 193 (discussing why *Deveaux*
does not support disregarding the citizenship of certain members or partners).

determining the citizenship of the entity that is a party, not to determine which citizens who compose the entity are to be treated as parties." *Id.* Therefore, when a nondiverse partner or member terminates its partnership or membership in an unincorporated entity during the course of litigation, it represents a change in the citizenship of one party, the unincorporated entity, rather than a change in the lineup of multiple parties. *Id.* at 579–80. Because a party's citizenship for diversity purposes is determined at the time suit is filed, without regard to later changes in citizenship, dropping a nondiverse partner cannot cure a jurisdictional defect. *Id.* at 580.

     *Grupo Dataflux* demonstrates that the concept of a dispensable party is inapposite to an unincorporated entity's members or partners. Dismissing a dispensable nondiverse party is not analogous to dropping a nondiverse member. *Id.* at 578. *Carden* and *Grupo Dataflux* establish that an unincorporated entity is only one party; its members or partners are not parties merely because the unincorporated association is a named party. Partners and members not named as parties cannot be considered nominal or dispensable parties because they are not parties at all.[5] They are neither dispensable nor indispensable. It is irrelevant whether CalPERS is an indispensable party or a real party in interest; Orchid—the sole plaintiff before the Court—clearly is. The Court must determine how *Orchid's* presence as a party affects its diversity jurisdiction, and *Carden* establishes that *each* of Orchid's members are *equally* relevant to this determination. *Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 566 F. App'x 796, 802–03 (11th Cir. 2014) (per curiam) ("Lexington claimed initially that PMI Delaware's citizenship *as a member of Yoohoo* could be disregarded for the same reasons that its citizenship as a *plaintiff* should be disregarded. The Supreme Court has definitively rejected this

---

[5] Orchid's reference to CalPERS as a "nominal non-party" is incorrect. If CalPERS is not a named party, it cannot be "nominal." *See* NOMINAL, *Black's Law Dictionary* (10th ed. 2014) ("Existing in name only . . . .").

argument and held that regardless of whether a member of an LLC can be a proper party on its own,

the member's citizenship cannot be disregarded for purposes of determining the LLC's

citizenship.").[6] The Court thus rejects the argument that it may disregard CalPERS's citizenship.

Orchid next argues that diversity jurisdiction exists because it does not share state citizenship

with any of the defendants. It is true that Suncor and Malbec are citizens of Florida and New York,

and Orchid is not a citizen of either of those states. Contrary to Orchid's argument, however, this fact

alone is insufficient for diversity jurisdiction to exist. For diversity jurisdiction to exist in a case that

meets the amount-in-controversy requirement, there are two other requirements: (1) adverse parties

*can not be* citizens of the same state and (2) each party must also affirmatively *be* a citizen of a state

(or be a foreign state or citizen or subject thereof). *See Cameron v. Hodges*, 127 U.S. 322, 324–25

(1888) (noting distinction between allegation that plaintiff was *not* a citizen of the same state as

defendant and allegation that plaintiff *is* a citizen of another state or alien, and holding the former

to be insufficient by itself to invoke diversity jurisdiction);[7] *D.B. Zwirn*, 661 F.3d at 126; *see also*

---

[6] It is unclear why Orchid cites *Payroll Management* in *support* of its argument in response to Suncor's motion to dismiss. The *Payroll Management* court expressly rejected the argument Orchid makes here.

[7] The Court cites *Cameron* only for the proposition that a party's non-citizenship of its adversary's state of citizenship is insufficient for diversity jurisdiction to exist. The Court notes that the *Cameron* court's statements about the strictures of how to plead citizenship may be outdated under the more recent and relaxed pleading requirements under the Federal Rules of Civil Procedure. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106 n.24 (3d Cir. 2015). The *Lincoln Benefit* court held facially sufficient a "negative allegation" that a defendant is not a citizen of the plaintiff's state of citizenship, which appears incorrect to the extent such a negative allegation is not coupled with an affirmative allegation that the defendant *is* a citizen of some state. *Cf. id.* at 107 & n.32 (stating that "[t]he fact that the plaintiff and defendant do not share a state of citizenship *usually* establishes diversity" but noting the potential for a party to be stateless and destroy complete diversity (emphasis added)). Regardless of what must be pled, even *Lincoln Benefit* recognizes that diversity jurisdiction does not exist merely because the adverse parties do not share the same state citizenship. *Id.* Here, the complaint on its face reveals that Orchid has a stateless member.

*Newman-Green*, 490 U.S. at 826.

Orchid's final argument is that it is in fact a citizen of five states by virtue of its members other than CalPERS, and that CalPERS's "lack of citizenship" cannot destroy Orchid's "established citizenship." (DE 64 at 15.) Orchid's premise is incorrect. As an unincorporated association, Orchid is not a citizen at all. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005); *Swiger*, 540 F.3d at 184. It is merely "deemed" to possess the citizenship of each of its members for purposes of diversity jurisdiction. *Carden*, 494 U.S. a 187 n.1, 189, 195–96. Even if Orchid were a citizen of five states, the Court would still lack diversity jurisdiction. While the membership of CalPERS would not negate Orchid's citizenship based on other members, the converse would also be true: the membership of Orchid's other members would not negate Orchid's "statelessness" based on CalPERS. Orchid  would be "just as 'stateless' as it is 'stateful.'" *Swiger*, 540 F.3d at 185. Under either approach—treating Orchid as a citizen or deeming Orchid to merely possess the citizenship of each of its members for diversity purposes—the Court may not disregard the citizenship, or lack thereof, of one of Orchid's members. *Carden*, 494 U.S. at 195 ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").[8]

---

[8] Admittedly, Orchid cites one case in which a court disregarded the membership of a stateless party (the FDIC) in a plaintiff limited liability company where the limited liability company had other diverse members. *CML-NV Two, LLC v. Teco Commons, L.L.C.*, No. 2:11-CV-00121-PMP, 2011 WL 6752568, at *4 (D. Nev. Dec. 23, 2011). And there is some logical appeal to the argument that a party cannot be deemed stateless and a citizen of a state at the same time. *Id.* Nevertheless, the Court rejects *CML-NV* because it is incompatible with *Carden* and *Grupo Dataflux* (especially with regard to the *CML-NV* court's analogy to dismissing dispensable stateless parties). Furthermore, multiple courts have reached the exact opposite result as in *CML-NV* and held that the membership of the FDIC in a plaintiff limited liability company destroys complete diversity in a context identical to that in *CML-NV*. *See RES-GA Creekside Manor, LLC v. Star Home Builders, Inc.*, No. 2:10-CV-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (holding that fact that FDIC

## IV. Conclusion

Because one of Orchid's members does not fall into a category listed in 28 U.S.C. § 1332(a), complete diversity does not exist here and the Court lacks subject-matter jurisdiction. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant, Suncor Bristol Bay, LLC's Amended Motion to Dismiss (DE 62) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.[9]

The Court notes that Orchid has filed a sealed document and a motion to file under seal that are related to a separate issue, which the Court cannot reach due to its lack of subject-matter jurisdiction. The sealed document is alleged to contain confidential information. As the Court lacks jurisdiction over this action and the sealed document is irrelevant to the Court's ruling in this case, rather than grant the motion to seal, the better course of action is to remove the sealed document from the record and deny the motion to seal as moot. Accordingly, the sealed document (DE 66) is **STRICKEN** and the Clerk shall **REMOVE** the sealed document (DE 66) from the docket. All pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of April, 2016.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

---

was a submember of plaintiff destroyed complete diversity and discussing multiple like cases).

[9] The Court denies Suncor's request for a dismissal *with* prejudice. "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). This order does not preclude Orchid from asserting its claims in an appropriate forum.